

# THE ATTORNEY GENERAL
## OF TEXAS

July 17, 1987

JIM MATTOX
ATTORNEY GENERAL

G. Valter Brindley, Jr., M.D.          Opinion No. JM-752
Texas State Board of Medical Examiners
P. O. Box 13562                        Re: Legality of a contract
Austin, Texas    78711                 between a physician and a
                                       referral service

Dear Dr. Brindley:

You have submitted a sample of a contract that a medical referral service uses to contract with physicians. You ask whether a physician would violate article 4495b, section 3.07(c), V.T.C.S., if he entered into such a contract.

Section 3.07(c) of article 4495b provides:

> A physician or surgeon may not employ or agree to employ, pay or promise to pay, or reward or promise to reward any person, firm, association of persons, partnership, or corporation for securing, soliciting, or drumming patients or patronage. A physician or surgeon may not accept or agree to accept any payment, fee, reward, or anything of value for securing, soliciting, or drumming for patients or patronage for any physician or surgeon. Whoever violates any provision of this section commits a Class A misdemeanor. Each payment, reward, or fee or agreement to pay or accept a reward or fee is a separate offense. The preceding shall not be construed to prohibit advertising except that which is false, misleading, or deceptive or that which advertises professional superiority or the performance of professional service in a superior manner and that is not readily subject to verification.

See generally Bolton v. Kansas State Board of Healing Arts, 473 F. Supp. 728, 735 (D. Kan. 1979) (total ban on advertising by health care professionals would violate the First Amendment); Ohralik v. Ohio State Bar Assn., 436 U.S. 447 (1978) (ban on one-to-one solicitation by licensed professionals does not violate the First Amendment).

The contract you submitted states that the purpose of the referral service is to "generate and administer new patient appointments for health care professionals" and "to match the right patient with the right practitioner." Under the terms of the contract, the referral service has the right to "[i]nvoice Practitioner on a monthly basis for all patients generated during the previous month." The contract also provides that the service shall not charge the practitioner "for Medicaid or Medicare patients, repeat appointments or patients (such as family members or patient referrals) not directly generated by the Service." We do not construe contracts in the opinion process. If, however, the contract means, as it appears to, that a doctor must pay the referral service a fee for each patient that the service refers to the doctor, a doctor who entered into the contract would violate the plain language of article 4495b, section 3.07(c), by promising to pay a corporation for securing patients.

You also ask whether a hospital may enter into a contract with the referral service in question. Section 3.07(c) of article 4495b applies to physicians and surgeons, not to hospitals. Because you have not described the terms under which a hospital would enter into such a contract, we cannot consider whether such a contract would violate statutes other than article 4495b, section 3.07(c). Furthermore, we caution that a physician or surgeon could not avoid the application of article 4495b, section 3.07(b), simply by paying a hospital to pay a referral service.

## S U M M A R Y

A physician or surgeon would violate article 4495b, section 3.07(c), by paying or promising to pay a fee to a referral service for each patient generated by the referral service.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General